# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEF K., ET AL.,**<br>Plaintiffs,<br>vs.<br>**CALIFORNIA PHYSICIANS' SERVICE, ET AL.,**<br>Defendants. | CASE NO. 18-cv-06385-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 26 |

This action arises out of the denial of residential mental health treatment benefits for plaintiff E.K.[1] Plaintiffs filed a complaint for breach of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, enforcement and clarification of rights, prejudgment and postjudgment interest, interference with contract, and attorneys' fees and costs. (Dkt. No. 1 ("Complaint").) The first claim for relief, an ERISA civil enforcement action, is pleaded against defendants California Physicians' Service dba Blue Shield of California, Trinet Group, Inc., and Trinet Blue Shield PPO 500 Group #977103 Plan (collectively, "Blue Shield") on the ground that the treatments were medically necessary. In addition, plaintiffs sue Maximus Federal Services, Inc. ("Maximus"), which allegedly performed an independent review of Blue Shield's decision, in one cause of action for intentional interference with contract. Maximus brings the instant motion to dismiss that cause of action. (Dkt. No. 26 ("MTD").)[2]

Having carefully considered the papers submitted and the pleadings in this action, and for

---

[1] The parties are **ORDERED** to comply with Federal Rule of Civil Procedure 5.2(a)(3), which requires minors to be addressed in filings solely by their initials. To protect the minor plaintiff's privacy here, the Court hereby **SEALS** all filings to date which failed to comply with Rule 5.2(a)(3).

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

the reasons set forth below, the Court **GRANTS** Maximus' motion to dismiss **WITH LEAVE TO AMEND**.

I.  **BACKGROUND**

Plaintiffs' complaint provides an overview of plaintiff E.K.'s difficult medical history and the general benefits contemplated by the Blue Shield plan at issue (herein, the "Plan"). (Complaint ¶¶ 12–30.) The gravamen of the complaint will require the Court to determine whether the denial of benefits was appropriate. (*Id*. ¶¶ 33–35, 44–48.)

Relevant here, the complaint contains the following additional allegations against Maximus:

> 9. Maximus Federal Services, Inc. ("Maximus") is a so-called independent review organization.
>
> * * *
>
> 39. Had Maximus' so-called "independent" reviews determined that medical care for [E.K] at Aspiro [Wilderness Program ("Aspiro")] and Maple Lake [Academy ("Maple Lake")] was proper, its decision would be final, and Blue Shield's denials would have been reversed. Had Maximus determined to the contrary, the denials would be upheld, and Blue Shield would be under no obligation to pay or approve the claims at issue for [E.K.'s] treatment at Aspiro and Maple Lake.
>
> 40. At no point in the medical review process did any Maximus reviewer examine [E.K.], nor speak with [E.K.], her father, or any other family member. Upon information and belief, at no point in the medical review process did any Maximus reviewer discuss [E.K.'s] mental health history or mental health diagnoses, symptoms, or treatment with any of [E.K.'s] treaters at Aspiro or Maple Lake or anywhere else, nor did they contact any of [E.K.'s] teachers or school counselors to better understand [E.K.'s] ongoing mental health problems.
>
> 41. Maximus conducted a biased and incomplete review. But for this biased and incomplete review, and the resulting improper and medically unsupportable denial of [E.K.'s] claim, Plaintiff's care at Aspiro and Maple Lake would have been covered and paid for by Blue Shield.
>
> 42. As a result, Plaintiffs were forced to pay for [E.K.'s] care and treatment at Aspiro and Maple Lake from their own personal funds.

(*Id*. ¶¶ 9, 39–42.) The complaint then details that Maximus had knowledge of the underlying Plan, "performed two medical reviews of the claims herein at issue[,]" and had a "duty to ensure that the medical professionals retained to review [the] claim were appropriately credentialed and privileged[]" and "qualified to render recommendations" on the topic of "medical necessity." (*Id*.

2

¶¶ 51, 54–56.) Moreover, plaintiffs detail all the ways in which Maximus allegedly failed to conduct an adequate review, which confirmed the denial of benefits under the Plan and caused plaintiffs' harm. (*Id.* ¶¶ 60–69.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.*; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III. DISCUSSION

### A. Applicable ERISA Preemption Principles

ERISA comprehensively regulates employee welfare benefit plans including medical insurance benefits in the event of sickness, accident, disability, or death. 29 U.S.C. § 1002(1). It includes two preemption doctrines that defeat certain state law causes of action: (1) conflict preemption under 29 U.S.C. § 1144(a); and (2) complete preemption under 29 U.S.C. § 1132(a). Both preemption provisions overcome state law claims for relief. *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

3

With respect to conflict preemption, ERISA broadly states as follows:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). In other words, conflict preemption exists when a state law claim "relates to" an ERISA plan, in which case the state law claim may not be brought. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009). A claim "relates to" an ERISA plan if it has either a "reference to" or "connection with" such a plan. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)).

As for complete preemption, the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) set forth a two-prong test for determining whether a state law claim is completely preempted by ERISA's civil enforcement provision. Under that test, a state law cause of action is completely preempted if: (1) the plaintiff, "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by [the] defendant's actions." *Id*. at 210. The test is conjunctive, and both elements need to be met to show complete preemption. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018).

**B. Preemption Analysis**

*1. Conflict Preemption*

Here, Count One is brought under ERISA. Count Two, the subject of the instant motion (plaintiffs' common law tort claim for tortious interference with contract) appears inextricably tied to the denial of benefits under the ERISA plan upon which Count One is based. More specifically, given that (i) plaintiffs' benefit plan is an employee benefit plan pursuant to 29 U.S.C. section 1002(1), and (ii) plaintiffs allege Blue Shield improperly denied residential treatment coverage under that plan on the basis that such treatment was not medically necessary, the allegation that Maximus, which conducted an Independent Medical Review, wrongfully upheld Blue Shield's decision that the treatments were not medically necessary is entirely connected to the receipt of

4

plan benefits. (*See* Complaint ¶¶ 6, 46, 47, 65.) Plaintiffs argue that their tortious interference claim is unrelated to ERISA because it is grounded upon violations of California Health and Safety Code sections 1374.30(m)(3) and 1374.72, and California Insurance Code sections 10169(m)(3) and 10144.5. (Plaintiffs' Opposition to Defendant Maximus Federal Services, Inc.'s Motion to Dismiss ("Opp.") at 4, Dkt. No. 37.) However, "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand*, 498 U.S. at 139 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)). Because the existence of plaintiffs' ERISA plan here is a "'critical factor in establishing liability,' under [plaintiffs'] state cause of action," the tortious interference claim is preempted by ERISA. *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quoting *Ingersoll-Rand*, 498 U.S. at 136).

### 2. *Complete Preemption*

Plaintiffs challenge the first prong of the *Davila* test on the basis that Maximus is not an ERISA plan administrator, and the relief plaintiffs seek from Maximus "has no connection with or reference to ERISA." (Opp. at 7–8.) Plaintiffs do not persuade. It is undisputed that the complaint *already* alleges an ERISA cause of action under 29 U.S.C. section 1132(a)(1)(B), albeit not against Maximus. *See Davila*, 542 U.S. at 210 ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B) . . . , then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).") Moreover, plaintiffs' intentional interference claim seeks to enforce their alleged rights under the terms of the Plan, and their claim therefore falls under the scope of ERISA section 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) (allowing a plan participant to bring a civil action "to enforce his rights under the terms of the plan"); *see also* Complaint ¶ 2 ("This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and enforcing Plaintiffs' rights under the terms of an employee benefit plan named as a Defendant."). Insofar as plaintiffs contend that their interference with contract claim could not be brought under section 502(a)(1)(B) because they seek to redress injuries beyond simply the recovery of specific benefits owed under their ERISA plan, the Supreme Court rejected this premise in *Davila*. *See Davila*, 542 U.S. at 214–15 ("Nor

can the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism.").[3] Thus, plaintiffs' challenge to the first prong of the *Davila* test fails.[4]

As to the second prong of the *Davila* test, plaintiffs argue, citing Health & Safety Code § 1374.32 and Ins. Code § 10169.2, that "the state law claim imposes independent legal duties mandating a state-mediated independent medical review process applicable to all health insurance plans and policies – whether subject to ERISA or not." (Opp. at 5.) Plaintiffs fail to persuade. The complaint *as alleged* states no independent legal duty. Namely, the referenced California code sections appear *nowhere* in the complaint. Moreover, and crucially, as noted above, Maximus' actions as pled appear specifically intertwined with the denial of benefits. *See supra* at 4–5; *see also Johnson v. Lucent Techs. Inc.*, 669 F. App'x 406, 408 (9th Cir. 2016) (finding preemption where the "gravamen of [the plaintiff's] IIED claim is that [the employer's] cessation of benefits constituted an intentional infliction of emotional distress") (internal quotation marks omitted); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (finding preemption where state claims "sp[rang] from the handling and disposition of [the plaintiff's] medical benefits insurance claim"). Thus, plaintiffs' challenge to the second prong of the *Davila*

---

[3] Moreover, to the extent plaintiffs assert that dismissal of their tort claim on complete preemption grounds is unwarranted solely because they would be left without a remedy against Maximus, that argument fails to persuade. *See Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1359 (9th Cir. 1997) (relevant inquiry in preemption analysis "is not whether a remedy exists for [the plaintiff's] claims . . . ."); *see also Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (1998) ("Although forcing the [plaintiffs] to assert their claims only under ERISA may leave them without a viable remedy, this is an unfortunate consequence of the compromise Congress made in drafting ERISA.").

[4] The cases on which plaintiffs rely are distinguishable and do not save the complaint at this juncture. In *Daie v. The Reed Group, Ltd.*, No. C 15-03813 WHA, 2015 WL 6954915 (N.D. Cal. Nov. 10, 2015), the plaintiff did not challenge the actual denial of benefits. There, the plaintiff's claim for intentional infliction of emotional distress was based on "allegations that involve harassing and oppressive conduct independent of the duties of administering an ERISA plan." *Id*. at *2. In *Kresich v. Metropolitan Life Insurance Company*, No. 15-cv-05801-MEJ, 2016 WL 1298970, (N.D. Cal. Apr. 4, 2016), the plaintiff did not challenge the processing of his benefits claim but asserted a claim for intentional infliction of emotional distress based on "allegations involv[ing] harassing and oppressive conduct independent of the duties of administering an ERISA plan," namely that the defendant "repeatedly engaged in extreme and outrageous conduct with the aim of forcing [plaintiff] to drop his claim and return, in pain, to work." *Id*. at *2, *6 (internal quotation marks omitted).

6

1 test fails.[5]

2 Accordingly, the Court finds that dismissal of plaintiffs' second cause of action is
3 warranted.

### C. Leave to Amend

In light of the foregoing, the Court is not convinced that allowing plaintiffs an opportunity to amend their complaint will yield a different result. However, the Court is cognizant of plaintiffs' request for such an opportunity. (Opp. at 1, 8.) Pursuant to the admonition of Federal Rule of Civil Procedure 15(a)(2) that courts "should freely give leave when justice so requires," leave to amend is given with extreme liberality. *Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013); *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011). Without a showing of prejudice, or a "strong showing" of undue delay, bad faith, or futility of amendment, Rule 15(a) imposes a presumption in favor of granting leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Where a defendant asserts futility of amendment as the reason to deny leave to amend, such denial is improper unless it is *clear* that no amendment could save the pleading. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–27 (9th Cir. 2000) (holding that district court abused its discretion in denying ERISA beneficiary leave to amend complaint to add previously unpleaded but cognizable theory of relief).

Here, Maximus requests that dismissal be with prejudice on the basis of futility. (*See* MTD at 3.) Weighing the aforementioned considerations, the Court **DISMISSES** plaintiffs' intentional interference with contract claim **WITHOUT PREJUDICE** to further amendment

---

[5] Plaintiffs' reliance on *Hansen* to challenge the second prong of the *Davila* test is unavailing. (*See* Opp. at 5.) In *Hansen*, a class of mental healthcare providers challenged not only the use of screening criteria for mental health coverage alleged to be inherently unfair and deceptive, but also unfair competition in terms of using in-house competitors. *Hansen*, 902 F.3d at 1055. *Hansen* did not involve, unlike this action, a situation in which the foundation of the complaint was entirely premised on whether a single individual's treatments were medically necessary. Rather, several of the claims in *Hansen* would exist "whether or not" benefits were being administered under a health plan. *Id.* at 1060.

7

consistent with counsel's Rule 11 obligations.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Maximus' motion to dismiss but affords plaintiffs **LEAVE TO AMEND** if they can do so consistent with the requirements of Rule 11. Should plaintiffs choose to amend, their First Amended Complaint must be filed no later than **Tuesday, March 5, 2019**. Any response thereto must be filed no later than **Tuesday, March 19, 2019**.

Further, in light of the pending stipulation at Docket Number 42, the Case Management Conference currently set for February 25, 2019 is **CONTINUED** to **Monday, March 11, 2019** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland in Courtroom 1. Notwithstanding the Court's order herein, the parties shall propose a schedule with respect to plaintiffs' first cause of action.

This Order terminates Docket Numbers 26 and 42.

**IT IS SO ORDERED.**

Dated: February 19, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**